THE STATE, JOHN WINKLER ET AL., PROSECUTORS, v. INHABITANTS OF WEST HOBOKEN.

In February, 1872, this assessment was set aside as to eleven prosecutors. The act of April, 1871, authorizes the appointment of new commissioners, when an assessment is set aside. Under this act new commissioners were appointed, who made the assessment in this case. *Held*, that the word "assessment," in the act of 1871, signifies an entirety, and that no new assessment could be made until the entire original assessment was set aside.

On *certiorari.*

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the plaintiffs, *Ransom.*

For the defendants, *James B. Vredenburgh.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The *certiorari* in this case removes into this court the proceedings for opening and grading Charles street and improving Mountain road.   Fifty-two persons were assessed for the expenses of this improvement.   At the February Term, 1872, of this court, the assessment was set aside as to eleven of these prosecutors.

The act of April 6th, 1871, (*Laws*, 1871, § 15, *p*. 1438,) provides that whenever any assessment is set aside the township committee may appoint new commissioners to make a new assessment.   On the 15th day of September, 1873, a new assessment was made against all the land owners originally liable to assessment.   The validity of this new assessment is now the subject of controversy in this case.   The power to appoint commissioners to make a new assessment will depend upon the fact as to whether the first assessment was set aside within the meaning of the act of 1871.   The term assessment in that act signifies an entirety, and it must have been set aside and vacated in its entire scope and extent as an assessment to warrant the new proceeding.   Otherwise, two separate assessments would exist in full force at the same time against all the land owners who have not joined in the prior litigation as prosecutors.

This court had the power to set aside the entire assessment, and therefore the fact that it was annulled only as to the prosecutors, raises the presumption that in their judgment the public convenience and interest required that it should stand undisturbed as to those who had complained.

This second assessment was unauthorized, and must be set aside at least as to the prosecutors.   Counsel will be heard if they desire it, as to the propriety of vacating the entire assessment.

Justice WOODHULL concurred.